IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARNIE MASUDA-CLEVELAND, | ) ) ) | CIVIL NO. 16-00057 LEK-WRP |
| Plaintiff, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART |
| vs. | ) ) ) | PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | ) ) ) | AND COSTS |
| Defendant. | ) ) ) | |

FINDINGS AND RECOMMENDATION TO GRANT
IN PART AND DENY IN PART PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Costs, filed on February 12, 2021 (Motion). See ECF No. 147. Defendant filed its Opposition on February 19, 2021. See ECF No. 152. Plaintiff filed her Reply on February 26, 2021. See ECF No. 153. This matter is suitable for disposition without a hearing pursuant to Rule 54.2(g) of the Local Rules of Practice of the United States District Court for the District of Hawaii (Local Rules). After careful consideration of the parties' submissions, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that Plaintiff's Motion be GRANTED IN PART AND DENIED IN PART as detailed below.

BACKGROUND

Plaintiff filed this action under the Employee Retirement Income Security Act (ERISA) to recover accidental death benefits related to the death of her husband in 2014 under a plan administered by Defendant.  See ECF No. 1.  On November 30, 2020, the district judge issued its Order Granting Plaintiff's Motion to Judgment on the Expanded ERISA Administrative Record.  See ECF No. 135. In that Order, the district judge noted that in cases brought to recover unpaid ERISA benefits, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  Id. at 18 (quoting 29 U.S.C. § 1132(g)(1). Further, the district judge stated that "'a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"  Id. (quoting Carpenters Health & Welfare Tr. for S. Cal. v. Vonderharr, 384 F.3d 667, 674 (9th Cir. 2004) (in turn quoting Smith v. CMTA–IAM Pension Tr., 746 F.2d 587, 589 (9th Cir. 1984))).   The district judge directed Plaintiff to file a motion no later than December 22, 2020 if she intends to recover attorneys' fees and costs.  See id.  The Court approved the parties' stipulation to extend the time for Plaintiff's to file a motion for attorneys' fees in order to allow the parties time to meet and confer as required under Local Rule 54.2.  See ECF No. 138.  The present Motion followed.

<u>DISCUSSION</u>

## I. Meet and Confer

Under Local Rule 54.2, before filing a motion for attorneys' fees, the parties are required to "meet and confer in a good faith attempt to agree on the amount of fees." LR 54.2(d). Further, Local Rule 54.2(e) requires the parties to prepare a joint statement prior to filing the motion that includes "[a] brief description of each specific dispute remaining between the parties as to the fees or expenses and all matters agreed upon." LR 54.2(e). These requirements are intended to narrow the disputes between the parties as to attorneys' fees. Ignoring this intent, the parties here have used Local Rule 54.2 to create additional disputes. Both parties devote sections of their briefs to accusing each other of not properly engaging in the meet and confer process and ask the Court to disregard portions of the others' arguments. <u>See</u>, <u>e.g.</u>, ECF No. 147-1 at 11-14; ECF No. 152 at 20-24; ECF No. 153 at 5-6. The Court finds that none of the issues raised by the parties regarding compliance with the requirements of Local Rule 54.2 justify the Court disregarding any fees requested or any objections to those fees. Instead, the Court turns to the merits of the Motion.

## II. Entitlement to Attorneys' Fees

In ERISA enforcement actions, the Court "may allow a reasonable attorney's fee and costs of action." <u>See</u> 29 U.S.C. § 1132(g)(1). The Court may

3

exercise its discretion to award reasonable attorneys' fees and costs if the party seeking fees has achieved "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010) (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983)). A requesting party meets this standard "if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." Id. (internal citation omitted).

Here, Defendant does not dispute that Plaintiff is entitled to an award of attorneys' fees and costs. See ECF No. 152. As noted above, the court issued an order granting Plaintiff's Motion for Judgment on the Expanded ERISA Administrative Record and ordered Defendant to grant Plaintiff's claim for accidental death benefits. See ECF No. 135. Based on the relief granted, the Court finds that Plaintiff has succeeded on the merits for purposes of awarding attorneys' fees. After finding that Plaintiff has satisfied the standard set forth in Hardt, the Court must next consider the five factors outlined by the Ninth Circuit in Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980), to determine whether to award reasonable attorneys' fees and costs. See Simonia v. Glendale Nissan/Infiniti Disability Plan, 608 F.3d 1118, 1119 (9th Cir. 2010). The five factors are:

> (1) the degree of the opposing parties' culpability or bad
> faith; (2) the ability of the opposing parties to satisfy an

4

> award of fees; (3) whether an award of fees against the
> opposing parties would deter others from acting under
> similar circumstances; (4) whether the parties requesting
> fees sought to benefit all participants and beneficiaries of
> an ERISA plan or to resolve a significant legal question
> regarding ERISA; and (5) the relative merits of the
> parties' positions.

Hummell, 634 F.2d at 453.  In applying the Hummell factors, the Court "must keep

at the forefront ERISA's remedial purposes that should be liberally construed in

favor of protecting participants in employee benefit plans." McElwaine v. U.S.

West, Inc., 176 F.3d 1167, 1172 (9th Cir. 1999).  Additionally, the Court must

apply "a 'special circumstances' rule in which a successful ERISA participant

should ordinarily recover an attorney's fee unless special circumstances would

render such an award unjust." Id. (citation omitted).

Considering the Hummell factors applied to this case, the Court finds

that the factors weigh in favor of awarding Plaintiff attorneys' fees and costs.

First, Defendant's culpability is evidenced by the district court's holding that

Defendant abused its discretion in denying Plaintiff's claim for benefits. See ECF

No. 135 at 17.  Second, Defendant's ability to pay weighs in favor of an award.

See ECF No. 147-1 at 17 (stating that Defendant's annual sales exceed $270

million).  Third, an award of attorneys' fees in this case could serve to deter

Defendant from denying other meritorious claims. See Carpenters Southern Cal.

Admin. Corp. v. Russell, 726 F.2d 1410, 1416 (9th Cir. 1984) ("If defendant

employers face the prospect of paying attorney's fees for successful plaintiffs, they

will have added incentive to comply with ERISA").  Fourth, the court's decision in

this case may benefit other plan participants because the court held that Defendant

did not correctly construe the plain language of the policy.  See ECF No. 135 at

14-15; see also Smith v. MTA-IAM Pension Trust, 746 F.2d 587, 590 (noting that

"a decision clarifying the terms of a plan would benefit all participants and

beneficiaries by settling a disputed provision or ambiguity") (citation omitted)).

Finally, based on the court's decision in this case for Plaintiff, the relative merits of

the parties' positions also weigh in favor of awarding fees.  The Court finds that

the Hummell factors support an award of attorneys' fees and costs in this case.

Accordingly, the Court next turns to the issue of the reasonableness of the fees and

costs requested by Plaintiff.

### III.  Reasonable Attorneys' Fees

In ERISA actions, courts use the lodestar method to consider the

reasonableness of an award of attorneys' fees.  See Van Gerwen v. Guarantee Mut.

Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).  Under the lodestar method, a

reasonable fee is determined by multiplying "a reasonable hourly rate" by "the

number of hours reasonably expended on the litigation."  Hensley v. Eckerhart,

461 U.S. 424, 433 (1983).  Once calculated, the lodestar amount is presumptively

reasonable.  See Penn. v. Del. Valley Citizens' Council for Clean Air, 483 U.S.

711, 728 (1987).  However, in "rare and exceptional circumstances," a court may

decide to adjust the lodestar figure based on an evaluation of several factors:  the

time and labor required, the preclusion of other employment by the attorney due to

acceptance of the case, the customary fee, time limitations imposed by the client or

the circumstances, the "undesirability" of the case, the nature and length of the

professional relationship with the client, and awards in similar cases.  See Kerr v.

Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); Fischer v. SJB-P.D., Inc

., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000); Morales v. City of San Rafael, 96 F.3d

359, 364 n.9 (9th Cir. 1996); Davis v. City & Cnty. of SF, 967 F.2d 1536, 1549

(9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

In the present Motion, Plaintiff requests the following attorney's fees:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jeffrey C. Metzger, Esq. | 480.7 | $700 | $336,490.00 |
| Carl M. Varady, Esq. | 54.8[1] | $495 | $27,126.00 |
| General Excise Tax (Mr. Varady's fees only) | | 4.712% | $1,278.18 |
| | | TOTAL | $364,894.18 |

---

[1] In Plaintiff's Motion and Reply, she states that she is requesting fees
for 49.0 hours of work performed by Mr. Varady before the Motion was filed and
an additional 8.8 hours for the Reply.  See ECF No. 147 at 2; ECF No. 153-4 at 12.
However, the timesheets submitted by counsel reflect "NO CHARGE" for 3.0
hours of Mr. Varady's work.  See ECF No. 147-4.  Accordingly, the hours
requested for Mr. Varady are 46.0 hours before the Motion and 8.8 hours for the
Reply, for a total of 54.8 hours.

7

See ECF No. 147 at 2; ECF No. 153.

## A.  Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada Cnty., 285 F.3d 829, 840 & n.6 (9th Cir. 2002).   The fee applicant bears the burden of showing that the rates requested are reasonable.  See Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008) ("Affidavits of the plaintiff['s] attorneys and other attorneys regarding prevailing fees in the community. . . are satisfactory evidence of the prevailing market rate.") (citation and original alterations omitted); see also Hiken v. Dep't of Def., 836 F.3d 1037, 1044-45 (9th Cir. 2016) (holding that the district could should have considered the "affidavits from each of the attorneys attesting to the reasonableness of their rates" in making the lodestar calculation).  "However, declarations filed by the fee applicant do not conclusively establish the prevailing market rate." Camacho, 523 F.3d at 980. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy of the submitted affidavits." Roberts v. City of Honolulu, 938 F.3d 1020, 1023 (9th Cir. 2019) (internal citation omitted).  Additionally, the Court may also use its "own knowledge of customary rates and their experience concerning reasonable and proper fees." Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011).

### 1. Mr. Metzger's Hourly Rate

In her Motion, Plaintiff requests $700 per hour for the work completed by Mr. Metzger, a California lawyer who has been practicing since 1980. See ECF No. 147-1. Plaintiff argues that Mr. Metzger's rate is reasonable based on a national rate and is reasonable when compared to other attorneys in California. See id. Generally, the reasonable hourly rate should reflect the prevailing market rates in the forum district. See Camacho, 523 F.3d at 979 (9th Cir. 2008). "[R]ates, other than those of the forum, may be employed if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

First, the Court rejects Plaintiff's argument that Mr. Metzger's requested $700 hourly rate should be evaluated on nation-wide basis. See ECF No. 147-1 at 20-23. Plaintiff provides no controlling Ninth Circuit authority to support the proposition that an attorney's hourly rate in an ERISA case should be evaluated on a national basis. See ECF No. 147-1 at 22-23. As noted by Defendant, see ECF No. 152 at 8-9, other district courts in the Ninth Circuit have similarly rejected this argument. See, e.g., Smith v. Aetna Life Ins. Co., 2020 WL 6055147, at *6 n.2 (S.D. Cal. Oct. 14, 2020) (rejecting the plaintiff's argument to apply "a national

9

rate for ERISA practitioners" when awarding fees); <u>Toth v. INA Life Ins. Co. of New York</u>, 2010 WL 170260, at *5 (D. Or. Jan. 13, 2010) ("[T]he parties have cited, and I have found, no reported decisions from this district or from the Ninth Circuit Court of Appeals adopting that standard. Nor is the argument that a 'national standard' should apply to ERISA cases persuasive.").  The Court finds that considering a nation-wide hourly rate is not appropriate.

Second, the Court finds that Plaintiff has satisfied her burden of showing that the Court should look outside of Hawaii to consider Mr. Metzger's hourly rate.  To support looking to California instead of Hawaii, Plaintiff argues that ERISA cases require specialized knowledge and expertise and details Mr. Metzger's experience in this area of law.  <u>See id.</u> at 23-24; ECF No. 147-7 ¶¶ 5-14. Further, Plaintiff contends that there is a lack of local counsel who are similarly qualified to represent ERISA litigants.  <u>See</u> ECF NO. 147-1.  In response to the list of local attorneys identified by Defendant in its Opposition, Plaintiff details how these attorneys do not have experience representing litigants in accidental death benefit cases or in long-term disability cases under ERISA.  <u>See</u> ECF No. 152-3, ECF No. 152-4; ECF No. 153-1.  Based on the information provided by Plaintiff, the Court finds that Plaintiff has satisfied her burden of showing that the Court should look outside of Hawaii because of Mr. Metzger's specialized knowledge in this type of ERISA litigation and the unavailability of local counsel with similar

10

expertise.  See Gates, 987 F.2d at 1405.

Third, given this finding, the Court considers whether Mr. Metzger's requested rate is reasonable based on hourly rates in California.  As detailed in Plaintiff's Motion, district courts throughout California have awarded hourly rates ranging from $650 to $900 for attorneys with comparable skill and experience.  See ECF No. 147-1 at 24-26 (citing cases).  As evidenced by the timesheet submitted by counsel, Mr. Metzger performed most of the substantive legal work in this action including the appeal to the Ninth Circuit.  See ECF No. 147-8.  Based on the information provided by Plaintiff, the Court finds that $700 per hour is a reasonable rate for Mr. Metzger.

### 2.  Mr. Varady's Hourly Rate

Based on the information provided in counsel's declaration and the Court's knowledge of rates in the community for attorneys with comparable experience, the Court finds that the $495 per hour rate requested for Mr. Varady is not reasonable.  As detailed in his declaration, his current hourly billing rate is between $375 and $425 for "hourly clients" and between $475 and $550 for contingent fee cases.  See ECF No. 147-2 ¶¶ 6-7.  Further, Mr. Varady states that his rate for all contingent fee cases "through 2020" was $450.  Id. ¶ 7.  As detailed in the timesheets submitted by counsel, nearly all of the work in this case was completed between 2016 and 2020 when Mr. Varady's rate was $450.  See ECF

No. 147-5.  Further, the timesheets reflect that Mr. Varady, as local counsel,

provided assistance reviewing documents prior to filing and guidance regarding

Local Rules and procedures for Court proceedings.  See ECF No. 147-5.  Based on

the information provided, Mr. Varady's role in this litigation, and the Court's

knowledge of prevailing rates in the community, the Court finds that $450 is a

reasonable hourly rate.  See Dep't of Educ. v. Acen T., 2020 WL 4278436, at *4

(D. Haw. July 6, 2020), *adopted by* 2020 WL 4275813 (D. Haw. July 24, 2020)

(finding that $450 per hour was a reasonable rate for Mr. Varady).

### B.  Hours Reasonably Expended

The fee applicant bears the burden of documenting the appropriate

hours expended in the litigation and must submit evidence in support of those

hours worked.  Hensley, 461 U.S. at 437; Gates, 987 F.2d at 1397.  The applicant

bears the burden of proving that the fees requested are associated with the relief

requested and are reasonably necessary to achieve the results obtained.  See Tirona

v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations

omitted).  The court is required to explain how it made its fee determination in a

comprehensible, but not elaborate fashion.  Moreno v. City of Sacramento, 534

F.3d 1106, 1111 (9th Cir. 2008).

Here, Plaintiff's counsel submitted timesheets reflecting the hours

worked.  See ECF Nos. 147-5, 147-8, 153-3, 153-7.  In its Opposition, Defendant

contends that the time requested by Plaintiff should be reduced for clerical tasks, travel time, block billing, and for excessive and duplicative time entries.  See ECF No. 152 at 24-29.  Based on the Court's careful review of the time entries and issues raised in the Opposition, the Court finds that the following deductions are appropriate.

### 1. Clerical Tasks

In its Opposition, Defendant details the specific time entries that it asserts are for clerical tasks, which total 7.8 hours for Mr. Metzger and 1.85 hours for Mr. Varady.  See ECF No. 152 at 24-25; ECF No. 152-8; ECF No. 152-9. Time spent on clerical tasks are part of an attorney's overhead and should be deducted from any hours requested in awarding fees.  See Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009).  Based on the Court's careful review of the timesheets submitted by Plaintiff's counsel and Defendant's objections, the Court finds that the time requested for communications with the Court, preparing and delivering courtesy copies to the Court, and reviewing ministerial court notices regarding scheduling and filings are clerical in nature.  Accordingly, the Court deducts 2.6 hours from Mr. Metzger's requested time[2] and 0.85 hours from Mr.

---

[2] Mr. Metzger's time entries for clerical tasks were on 4/13/2018 (0.2 hours), 4/16/2018 (0.5 hours), 8/13/2018 (0.2 hours), 8/15/2018 (0.3 hours), 10/25/2018 (0.3 hours), 12/26/2018 (0.2 hours), 6/28/2019 (0.3 hours), 4/21/2020 (0.2 hours), 6/8/2020 (0.2 hours), and 6/9/2020 (0.2 hours) for a total of 2.6 hours. See ECF No. 147-8 at 8, 9, 11-12, 16; ECF No. 152-8 at 2.

Varady's requested time.[3]

## 2. Travel

Defendant objects to Plaintiff's counsel's time entries for travel to and from Hawaii in November 2016 and April 2017 for court hearings and travel to and from Pennsylvania in October 2019 for a deposition.  See ECF No. 152 at 25-26; ECF No. 152-10.  For each of these visits, Mr. Metzger billed 8 hours each way, for a total of 48 hours billed for travel time, which Mr. Metzger explains includes travel to the airport, actual flight time, and travel from the airport.  See ECF No. 147-7 ¶ 21.  "This Court has awarded counsel reasonable travel time for case-related travel to and from the other islands or the mainland."  B.T. ex rel. M.T. v. Dep't of Educ., Hawai'i, 2011 WL 3021129, at *4 (D. Haw. June 27, 2011), *adopted by*, 2011 WL 3022042 (D. Haw. July 21, 2011) (citing cases).  As reflected in the timesheets, Mr. Metzger was the primary attorney on this matter, with Mr. Varady providing assistance as local counsel.  It was reasonable for Mr. Metzger to travel to Hawaii to attend the critical hearings in this matter to travel to Pennsylvania to attend the deposition ordered by the Court.  See ECF No. 96.  The Court finds that the time billed by Mr. Metzger for case-related travel is reasonable.

---

[3] Mr. Varady's time entries for clerical tasks were on 8/23/2016 (0.25 hours) and 12/8/2020 (0.6 hours) for a total of 0.85 hours.  See ECF No. 147-5 at 2, 3; ECF No. 152-9 at 2.

14

### 3. Block Billing

Defendant argues that many of Plaintiff's counsel's time entries are block billed and should be reduced because the Court cannot determine the reasonableness of the time requested for each task.  See ECF No. 152 at 26-27; ECF No. 152-12.  Block billing "refers to the practice of recording the various tasks performed on a case, but entering only a total time spent collectively on those tasks, rather than entering the time spent on each discrete task."  Signature Homes of Haw., LLC v. Cascade Sur. and Bonding, Inc., 2007 WL 2258725, at *3 (D. Haw. Aug. 3, 2007) (reducing block-billed hours by twenty percent).  Courts may reduce the hours that are billed in block format.  See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).

Here, the Court has reviewed counsel's time entries and finds that most of the entries sufficiently describe each task completed and only group closely related tasks together.  For example, in several of the time entries objected to by Defendant, Mr. Metzger grouped together several drafting-related tasks for the same filing, including editing the motion, preparing the declaration, and gathering exhibits.  See ECF No. 152-12.  The Court finds that this type of grouping is reasonable and should not be reduced for block billing.  Defendant also objected to time entries where Mr. Varady grouped together the time spent on several emails and telephone calls with co-counsel and with Defendant's counsel

on the same subject matter over the course of a single day.  See ECF No. 152-13.

The Court finds that this type of grouping is also reasonable.  However, several of

the contested time entries reflect time spent on several unrelated tasks that should

not be billed together.  For example, it is not reasonable to bill for time spent

drafting documents with telephone conferences or to bill for time spent researching

with emailing counsel.  These groupings are impermissible block billing because

they do not allow the Court to determine whether the time spent on these separate

tasks is reasonable.  In total, the Court finds that 18.4 hours of Mr. Metzger's hours

are block billed[4] and 6.4 hours of Mr. Varady's hours are block billed.[5]  Because

the Court cannot determine the reasonableness of the time spent on the separate

tasks in these block-billed entries, the Court finds that a twenty percent deduction

to the time requested in these entries is appropriate.  Accordingly, the Court

deducts 3.7 hours from Mr. Metzger's time (18.4 hours x 0.2 = 3.7 hours) and 1.3

---

[4] Mr. Metzger's block-billed time entries were on 9/19/2016 (0.3 hours), 4/11/2017 (2.0 hours), 10/27/2017 (0.4 hours), 10/30/2017 (0.5 hours), 5/21/2019 (0.8 hours), 6/1/2019 (1.5 hours), 10/12/2019 (1.5 hours), 10/14/2019 (1.1 hours), 11/7/2019 (4.2 hours), 11/18/2019 (0.8 hours), 12/26/2019 (1.0 hours), 2/26/2020 (0.5 hours), 3/27/2020 (1.3 hours), 12/18/2020 (0.4 hours), 1/6/2021 (0.7 hours), 1/20/2021 (1.4 hours) for a total of 18.4 hours.  See ECF No. 147-8 at 4, 6, 10, 13-17; ECF No. 152-12 at 2-5.

[5] Mr. Varady's block-billed time entries were on 1/13/2021 (0.5 hours), 2/19/2021 (0.5 hours), 2/19/2021 (0.5 hours), and 2/25/2021 (4.9 hours) for a total of 6.4 hours.  See ECF No. 147-5 at 5; ECF No. 152-13 at 2; ECF No. 153-7 at 1.

hours from Mr. Varady's time (6.4 hours x 0.2 = 1.3 hours).

### 4. Excessive and Duplicative Time

In its Opposition, Defendant argues that the time spent by co-counsel conferring with each other throughout this litigation and that the time spent on the present Motion is excessive. See ECF No. 152 at 27-29. The Court may deduct time requested that is "excessive, redundant, or otherwise unnecessary." Gates, 987 F.2d at 1397 (quoting Hensley, 461 U.S. at 433-34).

First, to the extent that Defendant argues that all the time spent by Plaintiff's counsel conferring with one another is excessive, the Court disagrees. This litigation has been pending since 2016. Based on Defendant's calculations, which Plaintiff disputes, Plaintiff's counsel billed a total of 35.9 hours communicating with one another over the past five years. See ECF No. 152-14; ECF No. 152-15; ECF No. 153. The Court finds that the total time that Plaintiff's counsel spent communicating with each other is not excessive.

Second, the Court finds that certain deductions for the duplicative time billed by both of Plaintiff's counsel for conferring with one another is warranted. Generally, two attorneys cannot bill for attending the same meeting. See Robinson v. Plourde, 717 F. Supp. 2d 1092, 1099 (D. Haw. 2010) (citing Brandon E. v. Dep't of Educ., 2008 WL 4602533, at *3 (D. Haw. Oct. 16, 2008)). Accordingly, "when a party's counsel meet with one other, the Court deducts the

17

duplicative time billed." Id.  For these duplicative time entries, the Court will

deduct the time requested by Mr. Varady as the lower-billing attorney.  Based on

the Court's careful review of the timesheets submitted by Plaintiff's counsel, the

Court deducts 7.4 hours of Mr. Varady's time for duplicative entries for

communicating with Mr. Metzger.[6]

Third, as to the time Plaintiff's counsel spent on the present Motion

and Reply, the Court agrees with Defendant that the time requested is excessive.

As noted in the Opposition, Plaintiff's counsel spent 53.9 hours on the present

Motion, which includes 20.4 hours on the fee petition filed in the Ninth Circuit that

was denied without prejudice.  See ECF No. 152 at 29; ECF No. 152-16 (41 hours

for Mr. Metzger); ECF No. 152-17 (12.9 hours for Mr. Varady).  Plaintiff's

counsel requests an additional 35.1 hours for drafting the Reply.  See ECF No.

153-3 at 18-19 (26.3 additional hours for Mr. Metzger); ECF No. 153-7 (8.8

additional hours for Mr. Varady).  In light of the limited issues presented in the

Motion, the Court finds that a total of 89 hours for working on this Motion is

excessive.  The Court finds that a ten percent reduction to the hours requested for

---

[6] Mr. Varady's duplicative time entries were on 4/19/2016 (0.3 hours),
7/13/2016 (0.3 hours), 8/10/2016 (0.4 hours), 9/12/2016 (0.5 hours), 1/31/2017
(0.6 hours), 4/11/2017 (0.6 hours), 5/1/2017 (0.5 hours), 10/30/2017 (0.25 hours),
7/11/2019 (0.5 hours), 1/27/2020 (0.2 hours), 12/11/2020 (0.5 hours), 12/18/2020
(0.25 hours), 12/18/2020 (0.3 hours), 1/6/2021 (0.5 hours), 1/8/2021 (0.25 hours),
1/19/2021 (0.75 hours), 1/20/2021 (0.7 hours), for a total of 7.4 hours.  See ECF
No. 147-5; ECF No. 152-15.

drafting the Motion and Reply is appropriate. Accordingly, the Court deducts 4.3

hours of Mr. Metzger's time (43.3 hours[7] x 0.1 = 4.3) and 2.2 hours of Mr.

Varady's time (21.7 hours x 0.1 = 2.2).

The Court has reviewed the remaining time entries submitted by

Plaintiff's counsel and finds that the remaining hours requested are reasonable.

### C. Total Lodestar Calculation

The Court finds that the following attorneys' fees are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jeffrey C. Metzger, Esq. | 470.1[8] | $700 | $329,070.00 |
| Carl M. Varady, Esq. | 43.05[9] | $450 | $19,372.50 |
| General Excise Tax (Mr. Varady's fees only) | | 4.712% | $912.83 |
| | | TOTAL | $349,355.33 |

The Court does not find that this case presents the "rare and

exceptional circumstances" to justify an adjustment to this lodestar figure. See

Kerr, 526 F.2d at 70. In total, the Court FINDS AND RECOMMENDS that the

---

[7]Although a few of the same time entries at issue have been reduced for block billing as detailed above, the Court finds that an additional reduction to these entries as excessive is also appropriate.

[8] 480.7 hours requested - 2.6 hours for clerical tasks - 3.7 hours for block billing - 4.3 hours for excessive time = 470.1 hours.

[9] 54.8 hours requested - 0.85 for clerical tasks - 1.3 hours for block billing - 7.4 hours for duplicative work - 2.2 hours for excessive time = 43.05 hours.

district judge award Plaintiff $349,355.33 in attorneys' fees.

### IV. Nontaxable Costs

Plaintiff also seeks nontaxable costs in the amount of $3,472.76. See ECF No. 147-1 at 8-9. Defendant does not dispute any of the costs sought by Plaintiff but does suggest that "Plaintiff should produce backup documentation" to support the costs requested. See ECF No. 152 at 29. The Court rejects Defendant's suggestion that additional documentation is required to support Plaintiff's request for nontaxable costs. As reflected in the Joint Statement, the parties agreed as to the costs requested. See ECF No. 147-11. Further, Mr. Metzger's declaration submitted with the Motion provides a detailed description of the costs incurred in connection with this case. See ECF No. 147-7 ¶ 24. Based on the information provided, the Court finds that the nontaxable costs requested are reasonable. In total, the Court FINDS AND RECOMMENDS that the district court award nontaxable costs in the amount of $3,472.76.

### CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the district judge GRANT IN PART AND DENY IN PART Plaintiff's Motion for Award of Attorneys' Fees and Costs and AWARD Plaintiff $349,355.33 in attorneys' fees and $3,472.76 in nontaxable costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 19, 2021.



Wes Reber Porter
United States Magistrate Judge

**MASUDA-CLEVELAND v. LIFE INSURANCE COMPANY OF NORTH
AMERICA; CIVIL NO. 16-00057 LEK-WRP; FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**