UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| MARNIE MASUDA-CLEVELAND,<br><br>              Plaintiff,<br><br>  vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>              Defendant. | CIV. NO. 16-00057 LEK-WRP |

**ORDER: DENYING DEFENDANT'S OBJECTIONS; AND ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**

On March 19, 2021, the magistrate judge issued his Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Award of Attorney's Fees and Costs ("F&R"). [Dkt. no. 154.] On April 2, 2021, Defendant Life Insurance Company of North America ("Defendant") filed its objections to the F&R ("Objections"). [Dkt. no. 155.] On April 19, 2021, Plaintiff Marnie Masuda-Cleveland ("Plaintiff") filed her memorandum in opposition to the Objections ("Memorandum in Opposition"). [Dkt. no. 157.] On April 23, 2021, Defendant filed its reply. [Dkt. no. 158.] On May 25, 2021, Plaintiff filed her Notice of Supplemental Authority. [Dkt. no. 159.] The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of

Practice for the United States District Court for the District of Hawaii ("Local Rules").  For the reasons set forth below, Defendant's Objections are hereby denied, the F&R is adopted as modified, and Plaintiff is awarded a total of $364,946.80 in attorneys' fees and $3,472.76 in nontaxable costs, for a total award of $368,419.56.

### BACKGROUND

The magistrate judge found that Plaintiff was entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 1132(g)(1), which is not disputed by Defendants.  [F&R at 3-4.]  Given that the instant case was brought under the Employee Retirement Income Security Act ("ERISA"), the magistrate judge applied the five factor analysis described in Hummell v. S.E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980), to determine it was reasonable to award reasonable attorneys' fees and costs.[1]  [Id.

---

[1] The factors are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Hummell, 634 F.2d at 453 (citations omitted).

at 4-5.]  Next, the magistrate judge applied the lodestar method, determining that a reasonable rate for Jeffrey C. Metzger, Esq. to be $700 per hour, [id. at 8-11,] and a reasonable rate for Carl M. Varady, Esq. to be $450 per hour, [id. at 11-12].  Mr. Metzger's rate was determined with reference to California attorneys, because Plaintiff demonstrated that local attorneys did not have the requisite expertise to represent her.  [Id. at 10-11.]  Mr. Varady's rate, as local counsel, was determined based on the information provided and the magistrate judge's knowledge of local prevailing rates.  [id. at 11-12.]  After reducing the requested hours for clerical tasks, block billing, and excessive or duplicative time, but finding that Mr. Metzger's billed time for travel was reasonable, the magistrate found that the following final award reflected hours reasonably spent in this case:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jeffrey C. Metzger, Esq. | 470.1 | $700 | $329,070.00 |
| Carl M. Varady, Esq. | 43.05 | $450 | $ 19,372.50 |
| General Excise Tax (Mr. Varady's fees only) | | 4.712% | $     912.83 |
| | | **TOTAL** | **$349,355.33** |

[F&R at 19.]

        Defendant objects to the F&R on the basis of: 1) the hourly rates of Mr. Metzger and Mr. Varady; 2) more time was block billed than found by the magistrate judge; 3) Mr. Metzger's travel time was unreasonable; and 4) the

3

substantial majority of the time Mr. Metzger and Mr. Varady spent drafting their motion for attorneys' fees was unreasonable.

### STANDARD

> When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also United States v. Raddatz, 447 U.S. 667, 673 (1980); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo **if objection is made**, but not otherwise.").
>
> Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006); United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

Haw. Def. Found. v. City & Cnty. of Honolulu, Civil No. 12-00469 JMS-RLP, 2014 WL 2804448, at *2 (D. Hawai`i June 19, 2014) (alteration and emphasis in Haw. Def. Found.).

**DISCUSSION**

I.  **Reasonable Hourly Rates**

Defendant argues Mr. Metzger's hourly rate should be determined in relation to the local rate in Hawai`i, rather than California, where Mr. Metzger lives and practices.  Usually,

> [i]n determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), *as amended on denial of reh'g*, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1129 (9th Cir. 2008) ("[T]he court must consider what constitutes a reasonable hourly rate for work performed in the relevant community by attorneys of similar skill, experience and reputation.").[2] It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

United States v. Staton, CIVIL NO. 12-00319 ACK-KSC, 2018 WL 5091634, at *3 (D. Hawai`i Sept. 27, 2018) (some alterations in Stanton), *findings and recommendation adopted*, 2018 WL 5087221 (Oct. 18, 2018).  However, in this case, the magistrate judge determined that the reasonable rate should be determined with

---

[2] Mendez was overruled in part on other grounds by Arizona v. ASARCO LLC, 773 F.3d 1050, 1058 n.1 (9th Cir. 2014).

5

reference to California rates because Plaintiff successfully demonstrated a lack of local counsel who had expertise in ERISA comparable to Mr. Metzger's, particularly in the type of ERISA issues presented in this case. See F&R at 10 (citing ECF No. 152-3; ECF No. 152-4; ECF No. 153-1).[3]

Mr. Varady submitted a declaration stating that, although he has in the past, he no longer takes ERISA cases on his own due to their complexity and the amount of time it can take an ERISA case to reach a conclusion. [Plaintiff's Motion for Attorneys' Fees and Costs, Decl. of Carl M. Varady ("Varady Decl."), filed 2/12/21 (dkt. no. 147-2), at ¶¶ 8, 10.] In addition to the other evidence, the Court finds Mr. Varady's declaration to be particularly persuasive in light of his reputation in the local legal community and the Court's own familiarity with his past performance. Therefore, upon de novo review, the Court denies Defendant's Objections as to Mr. Metzger's reasonable hourly rate and adopts the reasoning in the F&R with respect to that issue. Similarly, the Court finds no error in the magistrate judge's reasoning with respect to

---

[3] ECF No. 152 is Defendant's Memorandum in Opposition to Plaintiff Marnie Masuda-Cleveland's Motion for Award of Attorney's Fees and Costs Filed on February 12, 2021, which Defendant filed on February 19, 2021. ECF 153 is Plaintiff's reply in support of the motion, filed on February 26, 2021.

Mr. Varady's reasonable hourly rate, and the Objections are denied and the F&R is adopted with regard to that issue as well.

## II. Block Billing

Defendant next argues the magistrate judge erred by applying only a twenty percent reduction to Plaintiff's requested hours for block billing. "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citation and internal quotation marks omitted). Block-billed entries generally fail to specify a breakdown of the time spent on each task.

District courts have the authority to reduce hours that are billed in block format because such a billing style makes it difficult for courts to ascertain how much time counsel expended on specified tasks. Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (some citations omitted) (citing Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 971 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")). Upon de novo review, this Court agrees with the F&R's analysis related to

7

block billing.  Defendant's Objections on this point are rejected and this portion of the F&R is adopted in full.

### III. Travel Billing and Excessive Time Billing

After de novo review, this Court also agrees with the F&R's analysis related to travel billing and the deduction for excessive time.  See F&R at 14, 17-19.  Defendant's Objections are therefore denied as to these issues, and those portions of the F&R are adopted.

### IV. Summary and Litigation of the Objections

In light of the above, the magistrate judge's award of attorneys' fees incurred through March 18, 2021 is adopted.  In addition, the magistrate judge's recommendation to award Plaintiff $3,472.76 in nontaxable costs, which Defendant did not object to, is adopted.

Plaintiff also seeks an award of the attorneys' fees reasonably incurred responding to the Objections.  Mr. Varady spent 6.2 hours responding to the Objections; [Mem. in Opp., Decl. of Carl M. Varady at ¶ 5 & Exh. 1 (invoice dated April 19, 2021);] and Mr. Metzger spent 18.2 hours, [Mem. in Opp., Decl. of Jeffrey C. Metzger in Supp. of Plaintiff's Opp. to Objections to Findings and Recommendations Re Attorneys Fees and Costs at ¶ 3].  The Court finds that these hours are manifestly reasonable and modifies the recommended attorneys' fee award in the F&R to include the hours spent responding to the Objections.

Plaintiff is therefore entitled to the following award of attorneys' fees:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Jeffrey C. Metzger, Esq. | 488.2 | $700 | $341,740.00 |
| Carl M. Varady, Esq. | 49.25 | $450 | $ 22,162.50 |
| General Excise Tax (Mr. Varady's fees only) | | 4.712% | $  1,044.30 |
| | | **TOTAL** | **$364,946.80** |

## CONCLUSION

For the foregoing reasons, Defendant's Objections to the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Award of Attorneys' Fees and Costs Filed on March 19, 2021 (ECF No. 154), which Defendant filed on April 2, 2021, is HEREBY DENIED.  The magistrate judge's F&R is ADOPTED AS MODIFIED by the instant Order.  This Court therefore AWARDS Plaintiff $364,946.80 in attorneys' fees and $3,472.76 in nontaxable costs, for a total award of $368,419.56.  Defendant is ordered to pay the award by remitting payment to Plaintiff's counsel by no later than **September 20, 2021.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 19, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

MARNIE MASUDA-CLEVELAND VS. LIFE INSURANCE COMPANY OF NORTH AMERICA; CV 16-00057 LEK-WRP; ORDER: DENYING DEFENDANT'S OBJECTIONS; AND ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS